UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOHN RAYMOND SINCLAIR, | ) | CASE NO.   C05-2130-MJP |
| | ) | (CR99-466-MJP) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner raises a sole claim that is based upon *United States v. Booker*, 125 S. Ct. 738 (2005). The government has filed a response, arguing, among other things, that *Booker* does not apply retroactively to cases, such as this one, on collateral review. After careful review of the parties' briefs, the court concludes that the government is correct in its argument, and petitioner's motion should be dismissed.

PROCEDURAL HISTORY

Petitioner pled guilty in 1999 to seven counts of bank robbery. (Doc. #6 in Case No.

REPORT AND RECOMMENDATION
PAGE -1

CR99-466). In his plea agreement, petitioner agreed "not to ask or argue for less than 188 months" imprisonment as his sentence. (Doc. #6 in Case No. C05-2130, Ex. A). The district court sentenced petitioner to 188 months in prison. The court cited petitioner's "criminal history and violence" as the reason for imposing a sentence at the higher end of the sentencing range. (Doc. #15 in Case No. CR99-466). Petitioner did not file a direct appeal.

Petitioner filed the instant motion under § 2255 on December 28, 2005. (Doc. #1). On February 1, 2005, the government filed its response. (Doc. #6). The matter is now ready for review.

## DISCUSSION

In his § 2255 motion, petitioner raises a single claim for relief. He argues that his Sixth Amendment rights were violated when the court "made factual determinations . . . as to whether [petitioner's] prior convictions qualified as predicate offenses to elevate his status and trigger a mandatory minimum sentence under the career criminal label." (Doc. #1, Attachment). For support, petitioner relies upon the Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005) and related cases. In its response, the government argues, among other things, that *Booker* does not apply retroactively to cases, such as this, on collateral review.

The Supreme Court has not yet addressed whether *Booker* applies retroactively. However, the Ninth Circuit has held, in agreement with all the other circuit courts that have considered the question, that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1181 (2006). Thus, petitioner may not rely upon *Booker* here, and his § 2255 motion should be dismissed. Because the court finds that the government's position on the *Booker* question is correct, it is unnecessary to address

REPORT AND RECOMMENDATION
PAGE -2

01 the government's alternative arguments.

## CONCLUSION

For the foregoing reasons, the court recommends that petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, be dismissed. A proposed Order reflecting this recommendation is attached.

DATED this 14th day of April, 2006.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3